57 So.2d 230

NIX v. BERNIARD et al.

No. 39984.

Jan. 14, 1952.

Rehearing Denied Feb. 18, 1952.

John D. Nix, Jr., in pro. per., William J. Daly, New Orleans, for plaintiff-appellant.

John R. Perez, Sr., John R. Perez, Jr., New Orleans, for defendants-appellees.

LE BLANC, Justice.

This is a suit brought by an attorney-at-law against several defendants on an alleged contract of employment, duly recorded in the Conveyance Records, by the terms and provisions of which he contends that he has become an owner in indivision with them to the extent of an undivided one-third interest in certain property bearing Municipal Numbers 8528-30-32 and 40 Hickory Street in the City of New Orleans. Having failed in his several efforts to adjust the matter in an amicable manner by being paid the contingent fee fixed in the contract in cash, and availing himself of his claim of co-ownership existing thereunder he asks for a partition of the property by licitation. In the alternative he alleges that under the contract he is entitled to recover the amount of his fee which he avers is fixed as one-third of the value of the property and in the further alternative he contends that, by way of quantum meruit, he is entitled to have his fee valuated and fixed by the Court to the extent of one-third of the value of the property. He sets out the present net value of the property as being $28,390.87, one-third of which is the sum of $9,463.62 and alleges that is the fee he is entitled to receive. The prayer of his petition is for judgment in accordance with his main demand or either of his alternative demands.

Various exceptions were filed on behalf of the defendants which were overruled and they then filed a joint answer, under reservation of the exceptions, in which they put all the plaintiff's contentions at issue by denying virtually all the allegations of his petition.

The contract on which plaintiff bases his suit is in the form of a letter addressed to him by Mrs. Basil Galiano and signed by her as administratrix of the Succession of Basil Galiano at the bottom of which appears an acceptance signed by plaintiff. We are here reproducing the whole document which is as follows:

"Mr. John D. Nix, Jr.
Attorney at Law
4018 Pitt Street
New Orleans, La.,

"Dear Mr. Nix:

"This is with reference to the claims which my deceased husband, Basil Galiano, had against the defendants he sued in proceedings Number 223-894 of the docket of the Civil District Court for the Parish of Orleans, on account of the transaction described therein, which said suit is now pending in the Supreme Court of Louisiana, and in which I, as the duly appointed Administratrix of my husband's succession am

now prosecuting, in order to make proper recovery. As Administratrix, I want to push this matter vigorously, and I therefore want you to continue representing me as Administratrix in this matter, and take every legal action which you think is necessary to secure the best recovery from these defendants or any other parties who may be liable. I understand that regardless of the outcome of the matter now pending in the Supreme Court, other actions may be or become necessary or advisable, in effort to secure full recovery against these defendants, and any other parties, as for example, if we win the present suit we may have a claim for the rents and revenues, or for the use which the defendants and any other persons may have had of the property involved while the suit has been pending. I want you to handle these matters.

"The only fee which is to be paid you is this, that as Administratrix, I hereby assign, and convey to you a one-third interest in and to said suit and claims, proposed suit, or suits to be later instituted, as described above, it being understood as above stated that you are to handle the matter presently pending in the Supreme Court and any other actions which may lie on account of the transaction therein described, and that therefore your one-third interest given you as your sole fee herein will bear on all matters, that is the matter now pending in the Supreme Court and any other actions that may lie on account of the transaction therein described.

"It is understood that neither you nor I shall have the right to settle, discontinue, nor otherwise dispose of any of said claims, proposed suit or suits, without the consent of the other.

```
                        "Very truly yours,
/Original signed/       Mrs. Basil Galiano, Adminis-
                          tratrix
                        Succ'n. Basil Galiano, #232,-
                          146, C.D.A"
"I hereby accept this contract of employment. New
Orleans. Jan. 13, 1948.
/Original signed/       John D. Nix, Jr.,"
```

Once the invalidity of the contract as contended by defendants has been determined, the case resolves itself into a contest over the amount due an attorney as a fee as the defendants do not deny that plaintiff did render certain services and is entitled to be paid a reasonable amount therefor.

The trial judge, after hearing the evidence, rendered judgment in favor of the plaintiff and against defendants in the sum of $1,750.00, with legal interest from date of judicial demand, until paid, and for all costs of suit. From this judgment, plaintiff has appealed.

In his reasons for judgment, the trial judge held:

"The Court is of the opinion that Mrs. Galiano had no power or authority in law to execute the contract with plaintiff on January 13, 1948, conveying to plaintiff an undivided ⅓ interest in said property, which belonged to a Succession of which she was the Administratrix; the laws of this State prescribe for the transfer of

Succession property; she acted as Administratrix, without complying with said laws and without obtaining authority from this court to execute the said contract.

"The evidence shows that plaintiff was her attorney; that the contract was prepared by him, and, under the law, it is to be construed strictly against him.

"Believing that the contract is null, void and of no effect, the court does not feel that it can be considered as a basis for fixing plaintiff's fee herein, and that he should receive judgment for what the court believes he is entitled to, on a quantum meruit, for the services rendered by him.

"The Court feels that a fee of $1,750.00 for such services would be equitable. This is more than twenty per cent. of the amount involved."

In arriving at this figure the court found as a fact that the property was worth $15,000. After deducting the sum of $7,000, the amount of the mortgage executed on April 9, 1948, which mortgage was necessary to carry out the specific performance suit successfully prosecuted by plaintiff, a balance of $8,000 was left on which the court estimated the fee due plaintiff.

Plaintiff, in this court, is again urging that by virtue of Act 124 of 1906, LSA–R.S. 9:5001, he is entitled to be recognized as a co-owner in indivision to the extent of an undivided one-third interest in the property in question, and as such entitled to a partition by licitation, claiming that such action

on the part of the administratrix was a conservatory act, which she is authorized to make by virtue of her general duties and powers, and does not involve a sale or disposition of movable or immovable property without a special authorization of court as would otherwise be denounced by the Civil Code.

While it may be true that Mrs. Galiano, as Administratrix, had the authority to hire an attorney to represent the succession in the suit for specific performance, she did not have the authority to convey to plaintiff a one-third interest in such property without an order of court. The letter from Mrs. Galiano, which is the basis of this suit, does not convey an interest in the property, but merely an interest in the suit.

Certainly the Act of 1906 does not contemplate anything more than a privilege in favor of the attorney at law employed under a contract entered into in pursuance of its provisions. The privilege exists on the judgments obtained by them and on the property recovered thereby, for the amount of their professional services. That is made clear by the present provisions of that law as embodied in the Revised Statutes of 1950, LSA–R.S. 9:5001.

We conclude therefore that the contract relied on by plaintiff is invalid and should be entirely disregarded in considering the issues of the case unless the fact that it *was* drawn and signed, be looked upon as an element of proof to the effect

that at least one of the defendants, Mrs. Basil Galiano, had considered the matter of the value of what plaintiff's services might be to the succession in recovering its property. In this connection it appears to us that her actions in dealing with matters relating to the succession would meet with the approval of the other defendants. We believe her testimony may fairly be said to so indicate.

We observe from the trial judge's written reasons that he also had a percentage of the net value of the property in mind in fixing the plaintiff's fee. If a percentage is to be taken into consideration we think it would be more proper to adopt the one of one-third of the value which after all is what the parties seemed to have contemplated rather than the twenty per cent fixed by the trial judge.

Moreover, considering the nature and extent of the services rendered, we are of the opinion that the amount resulting from one-third of the net valuation of the property, as hereinafter found, would represent a fair and reasonable fee. As a matter of fact it is not much out of line with the offer of settlement made to the plaintiff previous to the filing of his suit.

Regarding the value of the property there is so much conflict in the testimony that we have decided to accept the valuation of $15,000.00 placed on it by the trial judge. Deducting from this amount the sum of $7,000 representing the amount of the mortgage it was necessary to place on

it in order to obtain the money required to comply with the judgment in the suit for specific performance, we are left with a balance of $8,000, one-third of which is $2,666.67, the amount plaintiff is entitled to recover.

For the reasons stated it is ordered that the judgment appealed from be amended by increasing the amount of the award from the sum of $1,750 to the sum of $2,666.67 and as thus amended that it be affirmed. The costs of appeal to be paid by the defendants, appellees herein.